EDOK - Application for Search Warrant (Revised 5/13)

# United States District Court FILED

## EASTERN DISTRICT OF OKLAHOMA

JUL **31** 2019

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE PREMISES LOCATED AT 302 E. 10th STREET, ADA, OKLAHOMA 74820 | **Case No.**<br><br>**19-MJ-078 -SPS** |

PATRICK KEANEY
Clerk, U.S. District Court
By _____
Deputy Clerk



## APPLICATION FOR SEARCH WARRANT

I, Kevin E. Brown, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Eastern District of Oklahoma *(identify the person or describe property to be searched and give its location)*:

**SEE ATTACHMENT "A"**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT "B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of Title 18, United States Code, Sections 922(d) and 922(m), and the application is based on these facts:

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
KEVIN E. BROWN
SPECIAL AGENT, ATF

Sworn to before me and signed in my presence.

Date: 7/31/2019

_____
*Judge's signature*

City and state: ___Muskogee, Oklahoma___

STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Kevin E. Brown, a Special Agent (SA) with the Bureau of Alcohol, Tobacco, and Firearms (ATF) being duly sworn, depose and state that:

## INTRODUCTION

1. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so since April, 2009. Prior to Employment with ATF, I was employed by the Amarillo Police Department. I have been employed in law enforcement for over eight years. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy; as a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws. I am currently assigned to the Oklahoma City Field Office and am charged with investigating violations of Federal Law, including violations of the Gun Control Act of 1968, as amended (Title 18, United States Code, Sections 921 et seq.), explosives, arson, alcohol, and tobacco laws. I know it to be unlawful for a person to knowingly sell, give, or otherwise dispose of any firearm or ammunition to any person who is prohibited from possessing them.

2. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants under the authority of the United States.

3. I am investigating Garet Lee BALLAGH (BALLAGH), owner of Ballagh Industries, a Federal Firearms Licensee (FFL) located at 302 East 10th, Ada, Oklahoma, within the Eastern District of Oklahoma. As will be shown below, there is probable cause to believe

that BALLAGH has violated 18 U.S.C. § 922(d), which prohibits knowingly selling, giving, or otherwise disposing of any firearm or ammunition to a prohibited person, and 18 U.S.C. § 922(m) which prohibits any licensed dealer from making a false entry in, failing to make an appropriate entry in, or failing to properly maintain, any record which he is required to keep pursuant to section 923.   I submit this Application and Affidavit in support of a search warrant authorizing a search of Ballagh Industries (SUBJECT BUSINESS) located at 302 East 10th, Ada, Oklahoma, Eastern District of Oklahoma, which is further described in Attachment A, for all items more particularly described in Attachment B.

4. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of a crime, contraband, fruits of a crime, or other items illegally possessed, or property designed for use, intended for use, or used in committing a crime involving the foregoing violations are presently located at the SUBJECT BUSINESS.

5. Based upon my training and experience, I know that FFLs are businesses engaged in the acquisition and disposition of firearms. FFLs are required to follow certain rules as a requirement to maintain their license from ATF.  An FFL must keep track of each of their firearms in an acquisition and disposition book.  Persons attempting to purchase a firearm from an FFL must fill out an ATF Form 4473 prior to completing the purchase of the firearm.  The FFL must then contact the National Instant Criminal Background Check System (NICS) to confirm that they are allowed to complete the sale of the firearm.

NICS will give a transaction number to the FFL which is to be noted on box 19.b. of the ATF Form 4473. NICS will then perform a background check to determine if there is something that would prohibit the purchaser from possessing the firearm. NICS then provides the FFL with three possible outcomes of the background check. If a notice to "Proceed" is given it means that there is nothing prohibiting the individual and the sale can go through. If a notice of "Denied" is given it means that there is a prohibiting factor with the individual and the sale can't be made. If a notice of "Delayed" is given it means that NICS needs to review more documentation to determine if the sale is to proceed or be denied. This information is then logged into box 19.c. of the ATF Form 4473. If NICS gives a proceed order, the FFL is required to keep the ATF Form 4473 for 20 years. If NICS gives a denial order, the FFL is required to keep the ATF Form 4473 for 5 years.

6. I have received training that some FFLs have engaged in the illegal sale of firearms "off the books" by concealing the identity of the real purchaser of the firearm and making it look like a lawful purchase of the firearm has taken place. This concealment occurs in several different ways. One technique is to add additional firearms to a previously completed 4473 of an actual lawful transfer of firearms. This is an attempt to make it look like an individual acquired multiple firearms, when in fact one or more of the firearms were actually sold to a separate individual who is also a prohibited person. Another technique is for the FFL to use an individual's information that can pass a background check. The FFL will then falsify the form by saying that the individual was the purchaser of the firearm, when in fact the firearm was transferred to a prohibited person.

## BACKGROUND OF THE INVESTIGATION

7.  On March 16, 2019, Darrius Johnson (JOHNSON) attempted to purchase a firearm from
    Ballagh Industries while at a gun show located in Oklahoma City, Oklahoma.
    JOHNSON filled out an ATF Form 4473 with his personal information.  An ATF Form
    4473 is required by law to be kept on file by all FFLs and must be prepared by an FFL in
    all firearm sales.  Ballagh Industries' firearms licensing through ATF requires Ballagh
    Industries to maintain all 4473 Forms at the SUBJECT BUSINESS.  After filling out the
    ATF Form 4473, BALLAGH, conducted the required background check through NICS in
    order to see if JOHNSON was prohibited from purchasing a firearm.  The NICS
    background check informed BALLAGH that he was to deny the sale of the firearm to
    JOHNSON.

8.  Because a denial was issued by the NICS system, a case was referred to Affiant.  I called
    BALLAGH and asked if he could provide a copy of the ATF Form 4473 for the denial of
    JOHNSON on March 16, 2019.  BALLAGH sent a copy of the ATF Form 4473 via
    electronic mail to Affiant.  A review of the Form showed the following to have occurred
    on March 16, 2019, at the Oklahoma City Gunshow Inc, at Oklahoma City, Oklahoma:
    (1) JOHNSON prepared and signed the form and indicated he was not an unlawful user
    or addicted to a controlled substance; (2) the firearm identified on the Form was one (1)
    Hi-point, model C-9, 9mm caliber pistol, serial number P199679S; (3) BALLAGH
    completed the Form and indicated that no firearm transfer to JOHNSON had occurred.

9.  On March 22, 2019, Affiant made a phone call to JOHNSON to inform him of the reason
    behind the NICS denial during the attempted purchase of a firearm. During the phone
    call, JOHNSON admitted that he had, in fact, purchased a firearm from the gun show and

4

had passed a background check while at the gun show. I informed JOHNSON that he

would fall under a prohibited category and should not be in possession of firearms.

10. On May 14, 2019, ATF Special Agents executed a search warrant at the residence of

JOHNSON. During the search of the residence, ATF recovered a Smith and Wesson,

SD9VE, 9mm caliber pistol, serial number FBB3353. That pistol was run through ATF's

E-Trace system and later found to have been purchased by Johnson's brother, Tyrius

Johnson, on or about March 19, 2019, at an Academy sports retail store in Midwest City,

Oklahoma.

11. During the search warrant, I conducted an interview of JOHNSON. JOHNSON told me

that he had purchased a Smith and Wesson, 9 mm caliber pistol from the gun show in

Oklahoma City on March 16, 2019. JOHNSON was shown a copy of the ATF Form

4473 from Ballagh Industries for March 16, 2019 in which JOHNSON was purportedly

denied the purchase of a Hi-point, model C-9, 9mm caliber pistol, serial number

P199679S. At first, JOHNSON did not remember filling out the ATF Form 4473.

However, after looking at the form, he admitted that he did fill out the ATF Form 4473

while at the gun show. JOHNSON said that he has never attempted to purchase a Hi-

point firearm from anyone and a Smith and Wesson pistol is the only firearm he has ever

purchased and the purchase occurred at the Oklahoma City Gun Show on March 16,

2019. During the purchase of the Smith and Wesson pistol, JOHNSON remembered that

the person, from whom he purchased the firearm, made a phone call to run a NICS

background check. JOHNSON said that the person he purchased the firearm from was

on the phone for approximately 15-20 minutes and, when he finished the phone call,

JOHNSON was allowed to purchase the firearm. JOHNSON said the Smith and Wesson

pistol he purchased that day at the gun show was currently in his brother's, Tyrius Johnson, possession because they traded firearms with each other.

12. On June 18, 2019, Affiant spoke with Tyrius Johnson in an attempt to recover the firearm that JOHNSON claimed to have purchased at the Oklahoma City Gun Show. Tyrius Johnson advised that the firearm was at his mother's residence. On June 19, 2019, Tyrius Johnson and JOHNSON advised Affiant that the firearm was with JOHNSON's attorney.

13. On June 20, 2019, I took custody of a Smith and Wesson, model SD9VE, 9mm caliber pistol, serial number FEB8140 from JOHNSON's attorney, Michael Whiting, with JOHNSON's consent. Mr. Whiting advised that JOHNSON gave Mr. Whiting the firearm for the purpose of providing to Affiant. This firearm was checked through the ATF E-Trace system. The results of the trace showed that Isaac Long purchased the firearm on March 16, 2019 from FFL Ballagh Industries. This is the same date JOHNSON was denied by NICS and the same FFL involved in the transaction.

14. On July 15, 2019, I conducted an interview of Isaac Long. During the interview, Long provided the following information. Long stated that he purchased an AR 15 type pistol from Ballagh Industries while at a Gun Show in Oklahoma City on March 16, 2019. Long provided a photo of a receipt for $597.44 for the purchase of a firearm from Ballagh Industries on March 16, 2019 at 2:29 pm. Long said that this was the only firearm that he has ever purchased from Ballagh Industries. Long went on to state that the AR15 type pistol was the only firearm he purchased at the gun show that day. Long further stated that at no time has he ever purchased or owned a Smith and Wesson pistol. Long stated that he does not know JOHNSON, nor has he ever sold a firearm to JOHNSON.

## CONCLUSION

15. Based on the aforementioned facts and circumstances, I believe there is probable cause to believe evidence of a violation of 18 U.S.C. § 922(d) exists at the SUBJECT BUSINESS further described in attachments A and B.  The basis of this violation is that the SUBJECT BUSINESS currently possesses documents related to the hidden sale of firearms to prohibited persons as evidenced by the documentation that Isaac Long was the purchaser of the Smith and Wesson, model SD9VE, 9 mm caliber pistol serial number FEB8140, when in fact the firearm was sold to JOHNSON. BALLAGH provided false information on the ATF Form 4473 in violation of 18 U.S.C. § 922(m).

16. I, therefore, respectfully request that the attached search warrant issue authorizing the search of Attachment A and seizure of the items listed in Attachment B.

Kevin Brown
Special Agent
Bureau of Alcohol Tobacco and Firearms

Sworn and subscribed before me this 31st day of July, 2019.

STEVEN P. SHREDER
United States Magistrate Judge

7

# ATTACHMENT A

## ADDRESS TO BE SEARCHED

## 302 E. 10th Street Ada, Oklahoma 74820

### Description

    The subject business is located at 302 E. 10th Street, in the City of Ada, County of Pontotoc, in the State of Oklahoma. The business is located in a shopping center on the north side of E. 10th Street. The business it the second door from the west of the corner of N. Constant Ave. and E. 10th Street. The building is a two story building made of yellow metal siding with brown trim. The residence as the number "302 E. 10th" affixed above the door in white lettering of the business. There is a sign in the front window of the business that read Ballagh Industries, LLC. The front door faces to the south.



1





# ATTACHMENT B

### Items to be Seized

The items to be seized include the following:

1) Business and/or personal records of firearms transactions and financial records and other records or documents reflecting firearms activity or the disposition of firearms proceeds including, but not limited to the following:

   a) Retained copies of federal, state and local corporate, partnership, business and personal income tax returns; Forms W-2, Forms 1099; tax records; any supporting documentation and attachments; and any correspondence to/from taxing agencies;

   b) Notes of financial transactions or firearms transactions;

   c) Correspondence, including electronic mail transmissions, letters, faxes and notes, relating to financial transactions or firearms transaction, including the identification of customers, suppliers, associates partners and co-conspirators;

   d) Bank records, including deposit slips, cancelled checks, withdrawal slips, and account statements, investment records, including brokerage statements, or credit and debit card records;

   e) Currency, bank checks, cashier's checks, prepaid access devices, negotiable financial instruments, wire transfer documentation, money orders, stocks bonds, precious metals, or real estate records; or worksheets, tally sheets or ledger sheets reflecting or accounting for money received, disbursed or exchanged;

   f) Financial statements, income statements, balance sheets, cash receipts, cash disbursements, payroll, inventory and journals and records; and any supporting work papers, schedules, attachments or documents;

   g) Bills and invoices, including sales, purchases, and expenses;

   h) Records of financial payments paid and received;

   i) Records and keys of storage facilities owned or rented;

   j) Records of business filings or licenses;

   k) Records of personal and business expenses;

   l) Equipment rental records and other lease and rental agreements;

m) Transportation records, including but not limited to, accounts, bills, receipts and invoices, bills of lading, airway bills, freight bills, air cargo bills, dispatch records, logs, manifests, shipping documents and invoices;

n) Credit applications, credit card statements and receipts;

o) Paper tickets, notes, schedules, receipts, or other items relating to travel;

p) Cellular phone, cellular and landline telephone statement and records;

2) Acquisition and Disposition (A&D) Books, any ATF Firearm Forms, Federal Firearm Licenses or applications;

3) Records that identify customers, suppliers associates, partners or co-conspirators, including, but not limited to, address books, telephone books, rolodexes, telephones, pagers or personal digital assistants and/or smart phones with stored telephone information, notes reflecting telephone and pager numbers, photographs (to include still photos, digital photos, negatives, movies, slide, video tapes and undeveloped film), and audiotape or digital recordings of conversations, including those made over telephone answering machines or digital voicemail;

4) Identification documents and representative exemplars of original handwriting samples;

5) Indicia of occupancy, residency, or ownership of the premise, property or vehicles, including keys, photographs, or documents;

6) Any NFA firearm that is not registered or improperly registered transferred or possessed; to include but not limited to firearms previously and/or currently listed in the National Firearms Transfer and Registration Record (NFRTR) to Ballagh Industries LLC., and any and all iterations of Ballagh Industries LLC since its inception in 2016, and all persons associated with the licenses or corporate entities.

7) Computers, flash/jump drives, computer hard drives, external hard drives, discs, etc. and other storage devices that can be used to save/store information, to include the off-site viewing and copying of such files or devices;

8) In searching for data capable of being read, stored or interpreted by a computer, law enforcement personal executing the warrant will employ the following procedure:

a) Upon securing the premises, law enforcement personal trained in searching and seizing computer data (the "computer personnel") will make an initial review of any computer equipment storage devices to determine whether these items can searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve the data;

b) If the computer equipment and storage devices cannot be searched on-site in a reasonable amount of time, then the computer personnel will determine whether it is practical to copy

the data during the execution of the search in a reasonable amount of time without jeopardizing the ability to preserve the data;

c) If the computer personnel determine it is not practical to perform an on-site search or make an on-site copy of the data within a reasonable amount of time, then the computer equipment and storage devices will be seized and transported to an appropriate law enforcement laboratory for review. The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein;

d) In searching the data the computer personnel may examine all of the data contained in the computer equipment and storage devices to view their precise contents and determine whether the data falls within the items seized as set forth herein. In addition, the computer personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein;

e) If the computer personnel determine that the data does not fall within any of the items to be seized pursuant to this warrant or is not otherwise legally seized, the government will return these items within a reasonable period of time not to exceed 60 days from the date of whether the data falls within any of the items to be seized pursuant to this warrant, it must obtain an extension of the time period from the Court within the original sixty-day period.

9) In order to search for data that is capable of being read or interpreted by a computer, law enforcement personal will need to seize and search the following items, subject to the procedures set forth above;

a) Any computer equipment and storage devices capable of being used to commit, further or store evidence of the offenses(s) listed above;

b) Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices and optical scanners;

c) Any magnetic, electronic or optical storage device capable of storing data, such as floppy, disks, hard disks, tapes, CD-ROMS, CD-Rs, CD-RWs, DVDs, DVD-Rs, DVD-RWs, memory cards, flash/jump drives, optical disks, printer or memory buffers, smart cards, PC Cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, or smart phones;

d) Any documentation, operating logs, and reference manuals regarding the operation of computer equipment, storage devices and/or software;

e) Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

3

f) any physical keys, encryption devices, dongles or similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

g) Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.

10) Safes, combination or key-lock strong boxes or other secure storage containers, suitcases, locked cabinets and other types of locked or closed containers, and hidden compartments that may contain any of the foregoing;

The terms such as "records", "documents", "information", "correspondence", "notes", etc. include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any electrical, electronic, and/or magnetic form (such as any information on an electronic or magnetic storage device, including floppy diskettes, hard disks, ZIP disks, CD-ROMS, CD-Rs, CD-RWs, DVDs, DVD-Rs, DVD-RWs, memory cards, flash/jump drives, optical disks, printer or memory buffers, smart cards, PC Cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, and smart phones as well print outs or readouts from any magnetic storage device); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies).

As all of the above described property constitutes evidence of the commission of a criminal offense, is contraband, the fruits of crime or things otherwise criminally possessed and/or is property designed or intended for use or which is or had been used as a means of committing a criminal offense.