# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE PREMISES LOCATED AT 302 E. 10th STREET, ADA, OKLAHOMA 74820 | Case No. **19-MJ-078 -SPS** |

## SEARCH AND SEIZURE WARRANT

TO: ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Eastern District of Oklahoma *(identify the person or describe the property to be searched and give its location)*:

    SEE ATTACHMENT "A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

    SEE ATTACHMENT "B"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE HEREBY COMMANDED** to execute this warrant on or before _8/14/2019_
*(not to exceed 14 days)*

☒     in the daytime 6:00 a.m. to 10:00 p.m.
☐     at anytime in the day or night as I find reasonable cause has been established

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Steven P. Shreder.

☐     I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer after executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check)*:
    ☐     for _____ days *(not to exceed 30)*.
    ☐     until, the facts justifying, the later specific date of _____.

Date: _7/31/2019 @ 1345_

City and state:     _Muskogee, Oklahoma_

_____
*Judge's signature*
STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

# ATTACHMENT A

### ADDRESS TO BE SEARCHED

### 302 E. 10th Street Ada, Oklahoma 74820

### Description

The subject business is located at 302 E. 10th Street, in the City of Ada, County of Pontotoc, in the State of Oklahoma. The business is located in a shopping center on the north side of E. 10th Street. The business it the second door from the west of the corner of N. Constant Ave. and E. 10th Street. The building is a two story building made of yellow metal siding with brown trim. The residence as the number "302 E. 10th" affixed above the door in white lettering of the business. There is a sign in the front window of the business that read Ballagh Industries, LLC. The front door faces to the south.



1





# **ATTACHMENT B**

Items to be Seized

The items to be seized include the following:

1) Business and/or personal records of firearms transactions and financial records and other records or documents reflecting firearms activity or the disposition of firearms proceeds including, but not limited to the following:

   a) Retained copies of federal, state and local corporate, partnership, business and personal income tax returns; Forms W-2, Forms 1099; tax records; any supporting documentation and attachments; and any correspondence to/from taxing agencies;

   b) Notes of financial transactions or firearms transactions;

   c) Correspondence, including electronic mail transmissions, letters, faxes and notes, relating to financial transactions or firearms transaction, including the identification of customers, suppliers, associates partners and co-conspirators;

   d) Bank records, including deposit slips, cancelled checks, withdrawal slips, and account statements, investment records, including brokerage statements, or credit and debit card records;

   e) Currency, bank checks, cashier's checks, prepaid access devices, negotiable financial instruments, wire transfer documentation, money orders, stocks bonds, precious metals, or real estate records; or worksheets, tally sheets or ledger sheets reflecting or accounting for money received, disbursed or exchanged;

   f) Financial statements, income statements, balance sheets, cash receipts, cash disbursements, payroll, inventory and journals and records; and any supporting work papers, schedules, attachments or documents;

   g) Bills and invoices, including sales, purchases, and expenses;

   h) Records of financial payments paid and received;

   i) Records and keys of storage facilities owned or rented;

   j) Records of business filings or licenses;

   k) Records of personal and business expenses;

   l) Equipment rental records and other lease and rental agreements;

m) Transportation records, including but not limited to, accounts, bills, receipts and invoices, bills of lading, airway bills, freight bills, air cargo bills, dispatch records, logs, manifests, shipping documents and invoices;

n) Credit applications, credit card statements and receipts;

o) Paper tickets, notes, schedules, receipts, or other items relating to travel;

p) Cellular phone, cellular and landline telephone statement and records;

2) Acquisition and Disposition (A&D) Books, any ATF Firearm Forms, Federal Firearm Licenses or applications;

3) Records that identify customers, suppliers associates, partners or co-conspirators, including, but not limited to, address books, telephone books, rolodexes, telephones, pagers or personal digital assistants and/or smart phones with stored telephone information, notes reflecting telephone and pager numbers, photographs (to include still photos, digital photos, negatives, movies, slide, video tapes and undeveloped film), and audiotape or digital recordings of conversations, including those made over telephone answering machines or digital voicemail;

4) Identification documents and representative exemplars of original handwriting samples;

5) Indicia of occupancy, residency, or ownership of the premise, property or vehicles, including keys, photographs, or documents;

6) Any NFA firearm that is not registered or improperly registered transferred or possessed; to include but not limited to firearms previously and/or currently listed in the National Firearms Transfer and Registration Record (NFRTR) to Ballagh Industries LLC., and any and all iterations of Ballagh Industries LLC since its inception in 2016, and all persons associated with the licenses or corporate entities.

7) Computers, flash/jump drives, computer hard drives, external hard drives, discs, etc. and other storage devices that can be used to save/store information, to include the off-site viewing and copying of such files or devices;

8) In searching for data capable of being read, stored or interpreted by a computer, law enforcement personal executing the warrant will employ the following procedure:

a) Upon securing the premises, law enforcement personal trained in searching and seizing computer data (the "computer personnel") will make an initial review of any computer equipment storage devices to determine whether these items can searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve the data;

b) If the computer equipment and storage devices cannot be searched on-site in a reasonable amount of time, then the computer personnel will determine whether it is practical to copy

the data during the execution of the search in a reasonable amount of time without jeopardizing the ability to preserve the data;

c) If the computer personnel determine it is not practical to perform an on-site search or make an on-site copy of the data within a reasonable amount of time, then the computer equipment and storage devices will be seized and transported to an appropriate law enforcement laboratory for review. The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein;

d) In searching the data the computer personnel may examine all of the data contained in the computer equipment and storage devices to view their precise contents and determine whether the data falls within the items seized as set forth herein. In addition, the computer personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein;

e) If the computer personnel determine that the data does not fall within any of the items to be seized pursuant to this warrant or is not otherwise legally seized, the government will return these items within a reasonable period of time not to exceed 60 days from the date of whether the data falls within any of the items to be seized pursuant to this warrant, it must obtain an extension of the time period from the Court within the original sixty-day period.

9) In order to search for data that is capable of being read or interpreted by a computer, law enforcement personal will need to seize and search the following items, subject to the procedures set forth above;

a) Any computer equipment and storage devices capable of being used to commit, further or store evidence of the offenses(s) listed above;

b) Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices and optical scanners;

c) Any magnetic, electronic or optical storage device capable of storing data, such as floppy, disks, hard disks, tapes, CD-ROMS, CD-Rs, CD-RWs, DVDs, DVD-Rs, DVD-RWs, memory cards, flash/jump drives, optical disks, printer or memory buffers, smart cards, PC Cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, or smart phones;

d) Any documentation, operating logs, and reference manuals regarding the operation of computer equipment, storage devices and/or software;

e) Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

f) any physical keys, encryption devices, dongles or similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

g) Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.

10) Safes, combination or key-lock strong boxes or other secure storage containers, suitcases, locked cabinets and other types of locked or closed containers, and hidden compartments that may contain any of the foregoing;

The terms such as "records", "documents", "information", "correspondence", "notes", etc. include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any electrical, electronic, and/or magnetic form (such as any information on an electronic or magnetic storage device, including floppy diskettes, hard disks, ZIP disks, CD-ROMS, CD-Rs, CD-RWs, DVDs, DVD-Rs, DVD-RWs, memory cards, flash/jump drives, optical disks, printer or memory buffers, smart cards, PC Cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, and smart phones as well print outs or readouts from any magnetic storage device); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies).

As all of the above described property constitutes evidence of the commission of a criminal offense, is contraband, the fruits of crime or things otherwise criminally possessed and/or is property designed or intended for use or which is or had been used as a means of committing a criminal offense.

| RETURN | | |
|---|---|---|
| Case No.: | Date and time warrant executed:<br><br>8-7-19   1200 PM | Copy of warrant and inventory left with:<br><br>Garet Ballagh |

Inventory made in the presence of:

Garet Ballagh

Inventory of the property taken and name of any person(s) seized:

See Attached!

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 8-7-19

*Executing officer's signature*

Kevin Brown   ATF  S/A
*Printed name and title*

# DEPARTMENT OF THE TREASURY
## BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
### RECEIPT FOR PROPERTY AND OTHER ITEMS

PAGE 1 OF 2

| CASE/INSPECTION NUMBER | CASE/INSPECTOR TITLE | OFFICE |
|---|---|---|
| 781060-19-0202 | SA Kevin Brown | OKCFO II |

**TAKEN FROM:** Garet Ballagh (FFL Licensee), 302 E. 10th Street, Ada, OK 74870

**RECIPIENT:** David McCauley, Special Agent, OKC Field Office

**LOCATION OF TRANSFER OR SEIZURE:** 302 E. 10th Street, Ada, OK 74820

**BASIS FOR TRANSFER OR SEIZURE OF ITEMS:** Search Warrant

| AMOUNT OR QUANTITY | DESCRIPTION OF ITEM(S) |
|---|---|
| Book 1, 4473 | 4473 2019 |
| Book 2, 4473 | Invoices 2019 |
| Book 3, 4473 | Expenses 2019 (Receipts) |
| Notebook | Sketch Art |
| Docs | Paperwork From Desk / Receipts of Inventory / Yellow Sales Book |
| | 2017 4473 New FFL |
| | 2018 Invoices New FFL |
| | 2018 Expenses |
| 1 | Garet Balagh Cellphone (Passcode: 0709), I-Phone |
| 1, 4473 | Transaction 407 (David Morey) |
| 1, 4473 | Transaction 281 (Isaac Long) |
| 1, 4473 | Transaction 405 (Dakota Gaither) |
| 1, 4473 | Transaction 406 (Mark Vines) |
| 1, HP Beats | Model: Envy 20, S/N: 5CM2480077 w/ power cables |
| Green Spiral Book | Handwritten notes of FFL Rules by Ballagh. |
| 1, HP Monitor | Model: 22, S/N: 8CC7490C9H (White in color) w/ power cables |
| 1, Grey Binder | Ballagh Handwritten notes of sales |
| 1, 4473 | Blank Transaction Number (Daniel Howry) - Filled out w/ blank date/signed |
| Front Desk | Misc. Documents on computer desk |

I hereby acknowledge receipt of the above item(s) into my custody.

**RECEIVED BY:** (Signature) David McCauley  **DATE:** 08/07/19

**TRANSFERRED BY:** (Signature, if appropriate) **DATE:**

**WITNESSED BY:** (Signature) **DATE:** 8/7/19

ATF F 3400.23 (12-96)

*U.S. GPO: 2003-490-845/60818

# ATF EVIDENCE LOG

DATE: 08/07/19
TIME: 02:34 PM
LOCATION: 302 E 10th Street
CITY: Ada

CASE#: 781060-19-0202
EVIDENCE TECH: SA McCauley
PHOTO TECH: SA McCauley
CASE AGENT: Kevin Brown, SA

| ITEM # | PHOTO # | DESCRIPTION | WHERE FOUND | LOCATED BY |
|---|---|---|---|---|
| 3 | 3 | A+D Record Books | Front Desk | |
| 1 | | Isaac Long Sale Receipt | Front Desk | |